IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| A & R Fugleberg Farm, Inc., Randy Fugleberg, Nick Fugleberg, and Jeremy Fugleberg, | |
| Plaintiffs, | **ORDER DENYING MOTION TO TRANSFER VENUE** |
| vs. | |
| Triangle Ag, LLC, and Cooperative Finance Association, Inc., | Civil No. 3:09-cv-7 |
| Defendants. | |

Before the Court is a Motion to Transfer Venue filed by Defendant Triangle Ag, LLC ("Triangle Ag") (Doc. #4). Triangle Ag seeks transfer of this action to the United States District Court for the District of Minnesota under 28 U.S.C. § 1404(a). Plaintiffs A & R Fugleberg Farm, Inc., Randy Fugleberg, Nick Fugleberg, and Jeremy Fugleberg ("the Fuglebergs") have filed a brief in opposition (Doc. #19). Defendant Cooperative Finance Association, Inc. ("CFA") has not taken a position on the motion.

**FACTUAL BACKGROUND**

In late December 2008, the Fuglebergs commenced the instant action, which arises out of a contract dispute, against Triangle Ag and CFA in state district court in Steele County, North Dakota. In their Complaint, the Fuglebergs allege that agents of Triangle Ag fraudulently induced them to enter into a contract for the purchase of fertilizer from Triangle Ag, as well as a related financing agreement with CFA. In particular, the Fuglebergs claim that Brad Fronning and Kevin Poppell, acting on behalf of Triangle Ag, fraudulently represented that they could cancel the

1

purchase contract at any time by paying $50.00 per ton of fertilizer left to be delivered, plus the interest due on the CFA loan. According to the Fuglebergs, when they attempted to cancel the purchase contract in accordance with those terms, Triangle Ag refused to agree to the cancellation and informed them that it expected the parties would continue operating under the contract. The Fuglebergs further allege that they would not have entered into the purchase contract with Triangle Ag or the financing agreement with CFA but for the fraudulent representations of Fronning and Poppell. In their demand for relief, the Fuglebergs seek rescission of contract, damages for violation of North Dakota consumer fraud statutes, and declaratory judgment on the rights and obligations of the parties under the purchase contract and financing agreement.

On January 28, 2009, Triangle Ag removed the action to this Court on the basis of diversity jurisdiction, with CFA consenting to the removal.[1] Triangle Ag now moves to transfer this action to the United States District Court for the District of Minnesota under 28 U.S.C. § 1404(a). Although Triangle Ag argues that this case has numerous connections to the District of Minnesota, including the location of both Defendants, it focuses primarily on the location of prospective witness and former Triangle Ag employee Kevin Poppell in Big Lake, Minnesota. Triangle Ag essentially contends that because Poppell is an important non-party witness, his location dictates the district in which this action must proceed. The Fuglebergs oppose transfer to the District of Minnesota, arguing that the relevant factors weigh in favor of retaining venue in North Dakota and that their choice of forum is entitled to deference.

---

[1] The Court notes that the Fuglebergs initially moved to remand this action to state district court, but they have since withdrawn that motion and their objections to removal.

## **DISCUSSION**

Section 1404(a), Title 28 U.S.C., provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under the plain language of the statute, courts must consider three general categories of factors when determining whether transfer is appropriate: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interest of justice. However, district courts are not limited to an evaluation of these three factors when comparing alternative venues. Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 692 (8th Cir. 1997). Rather, "such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Id. Other relevant factors include the following: (1) accessibility to records and documents, (2) the location where the conduct complained of occurred, (3) the applicability of each forum state's substantive law, (4) judicial economy, (5) the plaintiff's choice of forum, (6) the comparative costs to the parties of litigating in each forum, and (7) the advantages of having a local court determine questions of local law. See id. at 696. Generally, "federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." Id. at 695.

### A. Convenience of the Parties

After carefully considering the convenience of the parties, the Court concludes this factor does not weigh in favor of transfer to Minnesota. The Fuglebergs and their farming operation are located in Steele County, North Dakota. Triangle Ag is a Minnesota limited liability company with its principal place of business located in Ulen, Minnesota. Thus, North Dakota is a more convenient

forum for the Plaintiffs in this action, while Minnesota is a more convenient forum for the primary Defendant. Furthermore, although Triangle Ag asserts that the business presence of CFA in Minnesota weighs in favor of transfer, the Court notes that CFA's primary location is in Kansas City, Missouri, and that CFA itself has not joined in the motion to transfer to Minnesota. On balance, the Court finds that the convenience of Triangle Ag does not outweigh the convenience of the Fuglebergs, giving due deference to their choice of forum in North Dakota, such that transfer to Minnesota would be warranted. See Terra Int'l, 119 F.3d at 696-97 (quoting Scheidt v. Klein, 956 F.2d 963, 966 (10th Cir. 1992)) ("Merely shifting the convenience from one side to the other, however, obviously is not a permissible justification for a change of venue.").

### B.  Convenience of the Witnesses

In support of its motion to transfer, Triangle Ag has repeatedly emphasized the convenience of the witnesses, specifically the convenience of prospective witness and former Triangle Ag employee Kevin Poppell. However, the Court is not persuaded by Triangle Ag's contention that the location of a single witness is determinative on the issue of venue. Although Poppell may now be considered a non-party witness because he is no longer an employee of Triangle Ag, there is simply no indication in the record that he would be unavailable or unwilling to testify at trial in North Dakota. Triangle Ag concedes that it has not even spoken to Poppell about whether he would voluntarily appear in North Dakota. Furthermore, the Court notes that the approach to venue advocated by Triangle Ag would be susceptible to manipulation by business-entity defendants, who could essentially mandate that a case be venued in a particular district by terminating the employment of an important witness in order to make him a "non-party" whose convenience is paramount over all other considerations. The Court is not convinced that such a categorical

approach would be proper or in the interest of justice under 28 U.S.C. § 1404(a), which requires individualized consideration of the particular circumstances of each case.

After balancing the convenience of all prospective witnesses in this case, including former Triangle Ag employee Kevin Poppell, the Court finds this factor does not weigh in favor of either North Dakota or Minnesota. Certain witnesses who will provide important testimony at trial, particularly about the disputed terms of the oral contract at issue in this case, reside in both states. The Court is not convinced that Poppell's convenience should be given primacy over all the other factors to consider under 28 U.S.C. § 1404(a), particularly when Triangle Ag has failed to present any evidence that he is unable and unwilling to appear personally in North Dakota. Even if for some reason Poppell were unable to appear personally, the Fargo courtroom is equipped with an interactive video network which could facilitate his testimony, including live direct and cross examination.

### C.  Interest of Justice

Finally, the Court finds that many of the interest of justice factors weigh in favor of retaining this action in North Dakota. A few of the factors are neutral and weigh in favor of neither location, as records and documents related to the case are located in both states, and the comparative costs of litigation will likely be greater for either one side or the other in both locations. However, several factors also weigh in favor of North Dakota over Minnesota. The conduct which forms the basis of the Fuglebergs' Complaint, namely, the disputed oral contract for the purchase of fertilizer from Triangle Ag, occurred in rural Steele County, North Dakota. The Court notes that agents of Triangle Ag entered North Dakota to solicit business from the Fuglebergs on their farm, so it should have been reasonably foreseeable to Triangle Ag that it might be haled into court in this district.

Moreover, because the parties entered into the contract at issue in North Dakota, their dispute will likely be governed by the application of North Dakota substantive law.  Although a Minnesota district court would certainly be capable of applying North Dakota law, it is advantageous to have a North Dakota court determining questions under North Dakota law.  Finally, and perhaps most importantly, the Fuglebergs have chosen North Dakota as their forum, and as the Plaintiffs in this action, their choice is entitled to "considerable deference."  Terra Int'l, 119 F.3d at 695.

After carefully evaluating all the relevant factors under 28 U.S.C. § 1404(a) in light of the facts and circumstances of this particular case, the Court concludes Triangle Ag has not met its burden of proving that a transfer to the District of Minnesota is warranted.  Several of the factors, such as the convenience of the parties and witnesses, favor neither location, and the interest of justice factors weigh heavily in favor of North Dakota.  Under these circumstances, the Court is convinced that the Fuglebergs' choice of forum in North Dakota is entitled to deference and must be allowed to stand.

## **DECISION**

For all the foregoing reasons, Triangle Ag's Motion to Transfer Venue to the District of Minnesota is **DENIED**.

**IT IS SO ORDERED.**

Dated this 14th day of July, 2009.

　　　　　　　　　　　　　　　　　　／s／   Ralph R. Erickson
　　　　　　　　　　　　　　　　　Ralph R. Erickson, District Judge
　　　　　　　　　　　　　　　　　United States District Court