IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| A & R Fugleberg Farm, Inc., Randy Fugleberg, Nick Fugleberg, and Jeremy Fugleberg, <br><br>　　　　　Plaintiffs, <br><br>　vs. <br><br>Triangle Ag, LLC and Cooperative Finance Association, Inc., <br><br>　　　　　Defendants. | Civil File No. 3:09-cv-07 <br><br> **REPORT AND RECOMMENDATION ON MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT** |

Defendant Triangle Ag, LLC ("Triangle") moves to dismiss plaintiffs' ("Fuglebergs") claims pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. #36). In response, the Fuglebergs claim the motion should be considered a motion for summary judgment under Fed. R. Civ. P. 56. They also move for summary judgment on their claims (Doc. #44). Defendant Cooperative Finance Association, Inc. ("CFA") opposes the Fuglebergs' motion as premature. (Doc. #63). The court has carefully considered the briefs and documents filed by the parties and now issues this Report and Recommendation.

**Summary of Recommendation**

Defendant's motion to dismiss plaintiffs' contractual claim, couched as a declaratory judgment claim (Count 4), should be **DENIED.** Plaintiffs' motion for summary judgment against Triangle should also be **DENIED**. Defendant Triangle's motion to dismiss Counts 1, 2 and 3 of the complaint should be **GRANTED**. Plaintiffs' motion for summary judgment against CFA, seeking a declaratory judgment allowing plaintiffs to cancel the financing contract with CFA for interest owed (Count 5), should be **DENIED.**

1

**Facts**

In July 2008, the Fugelbergs agreed to purchase from Triangle 352.5 tons of urea fertilizer at a cost of $660.00 per ton and 135 tons of MES-15 fertilizer at a cost of $1,100.00 per ton.[1]  The Fugelbergs prepaid the $381,150.00 purchase amount in full on July 10, 2008 with financing obtained through CFA.  The Fugelbergs contend Poppell and another Triangle agent, Brad Fronning, told them at the time Fugelbergs agreed to the purchase they could rescind the contract at any time by remitting $50 for each ton of undelivered[2] fertilizer plus payment of accrued interest to CFA.  On November 18, 2008, the Fugelbergs attempted to rescind the contract with Triangle.  Triangle refused to cancel the contract, stating that it had already ordered the fertilizer.  None of the terms of the purchase contract were reduced to writing.

The Fugelbergs assert five claims: 1) rescission of the contract based on their lack of consent and on fraud; 2) rescission of the contract based upon mistake of fact; 3) violation of the North Dakota consumer fraud statute; 4) declaratory judgment that they have the right to cancel the contract by paying $50.00 per ton to Triangle for the undelivered fertilizer and by tendering payment of the outstanding interest owed to CFA; and 5) declaratory judgment that they are allowed to cancel their contract with CFA by tendering payment of the outstanding interest owed under their financing agreement.

---

[1] The Fugelbergs contend that Triangle agent Kevin Poppell told them that fertilizer prices were optimal and that this purchase was a "no-brainer" in order to induce them to enter into the purchase contract.  Amended Complaint, Doc. #1-1,¶ 6.  However, the Fugelbergs do not contend this is the basis for their fraud claim.

[2] Plaintiffs' affidavits state Poppell and Fronning told them they could "get out of the purchase agreement by remitting $50 per ton for each ton of remaining fertilizer to be purchased. . . ."  Affidavit of R. Fugelberg, Doc. #20, ¶ 7; Affidavit of J. Fugelberg, Doc. #21, ¶ 7; Affidavit of N. Fugelberg, Doc. #20, ¶ 7.

**Analysis**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) may be treated as one for summary judgment under Fed. R. Civ. P. 56 if the court relies on matters that are presented outside of the pleadings. Fed. R. Civ. P. 12(d); McAuley v. Federal Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007). Such matters include "any written or oral evidence in support of or in opposition to the pleading that provide some substantiation for and does not merely reiterate what is said in the pleadings." Id. (citation omitted). In this case, the court will rely on matters presented outside of the pleadings, and therefore it will treat Triangle's motion to dismiss as a motion for summary judgment.

Under Fed. R. Civ. P. 56, summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(C); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The burden is on the moving party to establish the basis for its motion. Donovan v. Harrah's Md. Heights Corp., 289 F.3d 527, 529 (8th Cir. 2002). It is axiomatic that the evidence is viewed in a light most favorable to the nonmoving party, and the nonmoving party enjoys the benefit of all reasonable inferences to be drawn from the facts. See, e.g., Vacca v. Viacom Broad. of Mo., Inc., 875 F.2d 1337, 1339 (8th Cir. 1989) (quotations omitted). A fact is "material" if it might affect the outcome of the case, and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the unresolved issues in a case are primarily legal rather than factual, summary judgment is particularly appropriate. Mansker v. TMG Life Ins. Co., 54 F.3d 1322, 1326 (8th Cir. 1995).

Statute of Frauds

Triangle asserts that the statute of frauds bars the Fuglebergs' contractual claims.  North Dakota Century Code § 41-02-08(1) requires "some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought" in order to create an enforceable contract for the sale of goods of five hundred dollars or more.  N.D. Cent. Code § 41-02-08(1) [U.C.C. § 2-201(1)] (2009).  However, there are exceptions to the statute of frauds, including "[i]f the party against whom enforcement is sought admits in that party's pleading, testimony, or otherwise in court that a contract for sale was made, but the contract is not enforceable under this provision beyond the quantity of goods admitted."  N.D. Cent. Code § 41-02-08(3)(b) [U.C.C. § 2-201(3)(b)] (2009).  In addition, an oral contract is enforceable "[w]ith respect to goods for which payment has been made and accepted or which have been received and accepted."  N.D. Cent. Code § 41-02-08(3)(c) [U.C.C. § 2-201(3)(c)] (2009).

The court finds that both of the stated exceptions to the statute of frauds apply, removing the contract from the statute of frauds.  Both parties have admitted to entering into a contact for the purchase of 487.5 tons of fertilizer for the total purchase price of $381,150.00.  N.D. Cent. Code § 41-02-08(3)(b) [U.C.C. § 2-201(3)(b)] (2009).  The Fugelbergs paid this amount in full.  N.D. Cent. Code § 41-02-08(3)(c) [U.C.C. § 2-201(3)(c)].  However, an admission of the contract's existence is not an admission that the cancellation term is a part of that contract.  Nor does it follow that payment of the agreed upon price for the agreed upon amount of fertilizer precludes the Fugelbergs from arguing that the cancellation provision is a term of the contact.

The contractual inquiry does not end once an exception to the statute of frauds is found to apply. Melford Olsen Honey, Inc. v. Adee, 452 F.3d 956, 962 (8th Cir. 2006) ("[M]eeting the statute of frauds does not prove the terms of the contract; meeting the statute of frauds allows a jury to determine the issue."). Once an exception is satisfied, "the district court may submit the evidence of the contract to the jury so the jury can determine its existence and the terms." Id. (construing the merchant's exception); see also Hilord Chem. Corp. v. Ricoh Elec., Inc., 875 F.2d 32, 37 (2d Cir. 1989) (same). The policy underlying the statute of frauds, which is to ensure that a valid contract exists, has been fulfilled in this case. Dangerfield v. Markel, 252 N.W.2d 184, 190 (N.D. 1977) (holding that the admission exception satisfied the statute of frauds, and the remaining task was to discern the terms of the oral modification to the contract). Therefore, what remains are factual questions concerning the terms of the agreement.

The court recommends that Triangle's motion to dismiss plaintiffs' declaratory judgment claim (Count 4) be **DENIED**.

This is a breach of contract case. Plaintiffs' complaint skirts the issue by seeking a declaratory judgment that the cancellation provision is a term of the contract. However, the contract terms are a question of fact for the jury. Accordingly, plaintiffs should be allowed to amend the complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to properly assert the breach of contract claim. Plaintiffs' motion for summary judgment against Triangle on the declaratory judgment claim (Count 4) should be **DENIED** because material questions of fact exist as to the terms of the parties' contract.

Rescission for Fraud

North Dakota Century Code § 9-09-02 provides that a party may rescind a contract only in the following circumstances:

> 1. If the consent of the party rescinding or of any party jointly contracting with the party rescinding was given by mistake or obtained through duress, menace, fraud, or undue influence exercised by or with the connivance of the party as to whom the party rescinding rescinds or of any other party to the contract jointly interested with such party;
> 2. If through the fault of the party as to whom the party rescinding rescinds the consideration for the rescinding party's obligation fails in whole or in part;
> 3. If such consideration becomes entirely void from any cause;
> 4. If such consideration before it is rendered to the party rescinding fails in a material respect from any cause; or
> 5. By consent of all of the other parties.

N.D. Cent. Code § 9-09-02 (2008).

Fraud is defined by statute:

> Actual fraud within the meaning of this title consists in any of the following acts committed by a party to the contract, or with the party's connivance, with intent to deceive another party thereto or to induce the other party to enter into the contract:
>
> 1. The suggestion as a fact of that which is not true by one who does not believe it to be true;
> 2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true though that person believes it to be true;
> 3. The suppression of that which is true by one having knowledge or belief of the fact;
> 4. A promise made without any intention of performing it; or
> 5. Any other act fitted to deceive.

N.D. Cent. Code § 9-03-08 (2008).

Plaintiffs' complaint alleges no fraud, save for their assertion that defendant's agents told them during the course of negotiations for the purchase of the fertilizer that they could cancel the contract for payment of $50/ton. The statement of a future event cannot constitute fraud. See Sperle v. Weigel, 130 N.W.2d 315, 320 (N.D. 1964) ("Ordinarily, misrepresentations amounting

to fraud which will avoid a contract must relate to past or present facts, and cannot consist of unfulfilled promises or predictions with respect to future events, especially where intent to deceive is absent." ).  Therefore, the court finds that this asserted conduct is not fraudulent for purposes of rescission.

The Magistrate Judge recommends Triangle's motion to dismiss plaintiffs' claim alleging rescission based on lack of consent or fraud (Count 1) be **GRANTED.**

### Rescission for Mistake of Fact

Plaintiffs' expectation "that Triangle Ag would honor the terms of rescission as outlined by Fronning and Poppell," <u>Plaintiff's Memorandum in Opposition to Defendant Triangle Ag, LLC's Motion to Dismiss and In Support of Cross Motion for Summary Judgment</u>, Doc. #45, at 14,  is not a mistake of fact. A mistake of fact is defined by statute:

> Mistake of fact is a mistake not caused by the neglect of a legal duty on the part of the person making the mistake and consisting in:
> 1. An unconscious ignorance or forgetfulness of a fact, past or present, material to the contract; or
> 2. Belief in the present existence of a thing material to the contract which does not exist, or in the past existence of such a thing which has not existed.

N.D. Cent. Code § 9-03-13 (2008).  Plaintiffs' expectation that they would be able to rescind is the assertion of a contractual term, not a "belief" in the present or past existence of a material matter giving rise to a mistake of fact.  Therefore, the Magistrate Judge recommends Triangle's motion to dismiss plaintiffs' claim alleging rescission based on mistake of fact (Count 2)  be **GRANTED.**

Consumer Fraud

A "garden variety" breach of contract claim does not generally form a basis for a consumer fraud claim. See Jamb Optical Incorporated v. American Vision Centers, Inc., 1998 WL 292398 (N.D. Ill.) (An alleged breach of contract claim that does not implicate any consumer protection interests will not give rise to a claim under the Consumer Fraud and Deceptive Business Practices Act of Illinois.). The North Dakota consumer fraud statute provides:

> The act, use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful practice.

N.D. Cent. Code § 51-15-02 (2008).

There was no public interest implicated in the transaction at issue. See Song v. PIL, Inc., 640 F. Supp.1011, 1017 (N.D. Ill. 2009), citing Lake Country Grading Co. of Libertyville, Inc. v. Advance Mech. Contractors, Inc., 654 N.E.2d1109, 1116 (Ill. App. 1995) ("Where a plaintiff attempts to allege a violation of the [Illinois consumer fraud statute] in a case that appears on its face to involve only a breach of contract, we must ask whether the alleged conduct implicates consumer-protection concerns."). Further, a plethora of jurisdictions have similarly held that "mere breach of contract" does not rise to the level of a consumer fraud claim.[3] See Siever v. BWGaskets, Inc., 2009 WL 3582749 (M.D. Fla. 2009) ("Although a [Florida consumer fraud] claim 'may arise from a single contract, this principle does not operate to convert every breach of contract into a claim under the Act,' but instead reaches only that conduct which is unfair or

---

[3]The various consumer fraud statutes are similar across the board, and the court finds the analysis of the individual states' interpretations persuasive.

8

deceptive."); Spagnola v. Chubb Corp., 574 F.3d 64, 74 (C.A.2, 2009) (internal quotations omitted) ("To state a claim under [New York's deceptive acts and practices statute], a plaintiff must allege: (1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result. "Deceptive practices" are "acts which are dishonest or misleading in a material respect." 'Deceptive acts' are defined objectively [ ] as acts likely to mislead a reasonable consumer acting reasonably under the circumstances."); TD Properties, LLC v. VP Bldgs, Inc., 602 F. Supp.2d 351, 365 (D. Conn. 2009) (As pointed out by the Second Circuit, "a simple contract breach is not sufficient to establish a violation of [Connecticut consumer fraud statute] . . . ." Boulevard Assocs. v. Sovereign Hotels, Inc., 72 F.3d 1029, 1038-39 (2d Cir. 1995); see Fabri v. United Techs. Intern., Inc., 387 F.3d 109, 122 n. 3 (2d Cir.2004) ("We, too, have held that a simple breach of contract does not violate [Connecticut consumer fraud statute] and that the plaintiff must show aggravating circumstances."); Madan v. Royal Indem. Co., 26 Mass.App.Ct. 756, 762, 532 N.E.2d 1214 (1989) (citation omitted) ("It is well established that a "mere breach of contract, without more, does not amount to a [Massachusetts consumer fraud statute] violation.").

The court recommends Triangle's motion to dismiss plaintiffs' consumer fraud claim (Count 3) be **GRANTED.**

<u>Declaratory Judgment Action as Against Cooperative Finance Association, Inc.</u>

Cooperative Finance opposes plaintiffs' motion for summary judgment as premature and not substantiated. No discovery has been conducted, and CFA has not made a cross motion. CFA has not had an opportunity to conduct discovery on the effect of the terms of plaintiffs' contract with Triangle on the terms of the financing agreement between plaintiffs and CFA. Plaintiffs' motion against CFA is premature and presents issues of material fact, precluding

summary judgment in plaintiffs' favor.  Plaintiffs' motion for summary judgment against CFA should be **DENIED**.

## Conclusion

The Magistrate Judge recommends the following: The oral contract between plaintiffs and Triangle for the purchase of fertilizer meets an exception to the statute of frauds, and the terms of the contract present a question of fact.  Accordingly, defendant Triangle's motion to dismiss plaintiffs' contractual claim, couched as a declaratory judgment claim (Count 4), should be **DENIED**.  For the same reason, plaintiffs' motion for summary judgment should also be **DENIED**.  Plaintiffs have failed to state a claim for rescission for lack of consent or fraud (Count 1), rescission for mistake of fact (Count 2), or a violation of the consumer fraud act (Count 3).  Consequently, defendant Triangle's motion to dismiss Counts 1, 2 and 3 should be **GRANTED**.  Finally, plaintiffs' motion for summary judgment against CFA, seeking a declaratory judgment allowing plaintiffs to cancel the financing contract with CFA for interest owed (Count 5), should be **DENIED.   IT IS ORDERED** plaintiffs' Motion for Hearing on Defendant's Motion to Dismiss (Doc. #51) is **DENIED**.

On February 24, 2010 plaintiffs moved to amend their complaint.  The defendants have not yet responded to the motion.  The Magistrate Judge will address this motion at a later time.  The motion to amend need not delay resolution of the motions for dismissal and summary judgment.

**Notice of Right to Object**

Pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1 (D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy.

Dated this 5th day of March, 2010.

*/s/ Karen K. Klein*
Karen K. Klein
United States Magistrate Judge
